IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jesus Oswaldo Mansinas-Hernandez,

Petitioner,

v.

Charles L Ryan, et al.,

Respondents.

No. CV-17-03132-PHX-JJT (MHB)

**ORDER**

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT COURT:

Petitioner Jesus Oswaldo Mansinas-Hernandez, who is confined in the Arizona State Prison, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents filed their Answer on January 30, 2018. (Doc. 13.) On March 5, 2018, Petitioner filed his Reply. (Doc. 14.)

### BACKGROUND[1]

On October 15, 2009, Petitioner was indicted on four counts of sexual conduct with a minor, Class 2 felonies, and two counts of sexual abuse, Class 3 felonies. (Exh. A.) Petitioner entered into a plea agreement on March 10, 2010, in which he pled guilty to four counts of attempted sexual conduct with a minor and one count of sexual abuse, all Class 3 felonies and dangerous crimes against children. (Exhs. B, C.) On April 13, 2010, Petitioner was sentenced to ten years' imprisonment on Counts 1, 2, and 3, to be served consecutively, and a suspended sentence of lifetime probation on Counts 4 and 5. (Exhs.

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 13 – Respondents' Answer.

F, L.)

Nearly seven years later, on January 6, 2017, Petitioner filed an untimely notice of post-conviction relief. (Exh. G.) Therein, Petitioner asserted that his failure to file a timely notice of post-conviction relief was through no fault of his own, as his "attorney did not fulfill his duty." (Exh. G.) On March 1, 2017, the trial court dismissed the petition for post-conviction relief, concluding that the petition was untimely by more than six years. (Exh. H.) The Court also found that Petitioner had failed to state a claim for which relief can be granted in an untimely Rule 32 proceeding. (Exh. H.)

On May 2, 2017, Petitioner filed a notice of appeal of his judgment and sentence. (Exh. I.) The Arizona Court of Appeals dismissed the appeal for lack of jurisdiction on May 30, 2017. (Exh. J.)

On September 11, 2017, Petitioner filed the instant habeas petition, raising two grounds for relief. (Doc. 1.) In Ground One, Petitioner alleges that he received ineffective assistance of counsel as a result of poor communication and defense strategy. In Ground Two, Petitioner asserts that his 5th and 14th Amendment constitutional rights were violated, as he was deprived of life, liberty, and the pursuit of happiness, due to "malfeasance by the arresting agency and prosecution office. And also by the corhorsion [sic] of the defense counsel and prosecutor." (Doc. 1 at 7.)

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

- 2 -

seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona

Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)).

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 649 (quoting Pace, 544 U.S. at 418). A Spanish-speaking petitioner may show an extraordinary circumstance if the petitioner can prove that the language barriers actually worked to prevent timely filing. See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006) (holding that a petitioner's lack of access to Spanish-speaking materials combined with the inability to obtain translation assistance before the deadline may constitute extraordinary circumstances).

The Court finds that Petitioner's Writ of Habeas Corpus is untimely. On April 13, 2010, Petitioner was sentenced by the trial court and advised of his right to file a petition for post-conviction relief. (Exh. L.) Although he waived his right to direct appeal in his plea agreement, he had 90 days to file an "of-right" petition for post-conviction relief . See Rule 32.4(a), Ariz. R. Crim. P.  Thus, Petitioner was required to file his petition by July 12, 2010, but did not file it until January 6, 2017.  Because his petition was untimely, his case became final on July 12, 2010, and the AEDPA limitations period began running one day later, on July 13, 2010.  The limitations period expired one year later, on July 13, 2011. Petitioner did not initiate his habeas proceeding until September 11, 2017. Accordingly, absent any tolling, his habeas petition is over six years late.

Petitioner is not entitled to statutory tolling. Petitioner's commencement of an untimely PCR notice and an untimely notice of appeal do not toll his federal habeas petition because neither was properly filed. The state court dismissed Petitioner's PCR proceeding pursuant to Rules 32.4(a) and 32.2(b), Ariz. R. Crim. P., for failing to timely

file a PCR petition or failing to state a claim for which relief could be granted in an untimely Rule 32 proceeding. See Pace, 544 U.S. at 1811-12 (habeas petitioner's untimely petition that did not fit within any exceptions was not "properly filed."). And, the Court of Appeals found that Petitioner failed to timely file his notice of appeal and therefore the court lacked jurisdiction. (Exh. J.)

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner alleges that his habeas petition was untimely because of his "very slow understanding of Arizona state statutes" and his "limited understanding of the english [sic] language." (Doc. 1 at 11.) Additionally, Petitioner alleges that he received ineffective assistance of counsel because his public defender "only knew a few words in Spanish," while he only speaks Spanish. (Doc. 14 at 2.) Petitioner alleges that the merits of his case should exempt him from the AEDPA's time limitation. (Doc. 14 at 2-3.) Beyond his conclusory allegations, Petitioner does not assert any facts that establish his

language barrier constituted an extraordinary circumstance that would justify equitable tolling. Nothing in the record demonstrates that he tried but was unable to obtain materials in Spanish or translation assistance prior to his filing deadline. There is nothing in the record that suggests his language barrier actually prevented him from filing. See Yow Ming Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) (holding that a petitioner's failure to demonstrate a lack of access to legal materials in his own language or an inability to obtain translation assistance before the deadline does not constitute an extraordinary circumstance). Additionally, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Accordingly, Petitioner is not entitled to any tolling of the AEDPA statute of limitations, and his habeas petition is untimely.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

\\\

\\\

\\\

- 6 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 16th day of April, 2018.


Honorable Michelle H. Burns
United States Magistrate Judge

- 7 -